Argued September 14; affirmed September 21, 1948

## BRATT *v.* SMITH AND RAGAN

197 P. (2d) 681

In Banc.

*John F. Reynolds,* Deputy City Attorney, of Portland, argued the cause for appellant. With him on the brief were Alexander G. Brown, City Attorney, L. E. Latourette, Deputy City Attorney, and Edgar L. Martin, Deputy City Attorney, of Portland.

*Alfred P. Kelley,* of Portland, argued the cause and filed a brief for respondent.

BELT, J.

This action—here for the second time on appeal—is to recover damages against two police officers of the City of Portland for an alleged false arrest and imprisonment of the plaintiff. The first trial resulted in a verdict for the plaintiff for $1,000.00 general damages; $2,500.00 punitive damages; and $35.00 special damages. On appeal the cause was reversed and remanded for a new trial (180 Or. 50, 175 P. (2d) 444) on account of improper argument of counsel for the plaintiff to the jury resulting in bias and prejudice. On the second trial a verdict was returned for the plaintiff for $1,000.00 general damages; $500.00 punitive damages; and $35.00 special damages. From the judgment based on this verdict the defendants have appealed, setting forth nine assignments of error. The first eight assignments of error were waived upon oral argument by counsel for the defendants, admitting with commendable frankness that such assignments of error covered in the brief—not prepared by counsel appearing here in oral argument—are foreclosed by the law of the case as determined on former appeal. The ninth assignment of error is the only one necessary for consideration and that pertains to the alleged improper conduct of counsel for the plaintiff in his argument to the jury.

There is no merit in the contention that plaintiff's counsel indulged in improper argument to the jury, thereby causing the verdict to be rendered as a

result of prejudice and bias. The entire argument of counsel to the jury is set forth in the Transcript and after having examined the same, we fail to see wherein there is any reasonable ground for asserting that it tended to create prejudice against the defendants. The modest verdict rendered by the jury refutes such contention. The only objection made to the argument of counsel for plaintiff to the jury pertained to the following statement:

"Now, Mr. Bratt, in a sense, has nothing to lose here. This is a civic duty for him to bring an action in this Country involving police officers before a jury."

Mr. Martin, the counsel for the defendants, thus objected to such argument:

"I object to that statement, and, if I am in error ——the statements on the part of counsel —— the thing we are concerned with in this case, is, what were officers Smith and Ragan doing —— it is not a charge against the Police Department of this city, and it is the duty of the jury to render a verdict against the City of Portland, as a lesson to them, and I ask the Court to admonish the ——"

There was no motion for mistrial.

■ The printed Abstract of Record and the Brief of appellants filed in this case fail in many particulars to comply with the Rules of the Supreme Court. The form and contents of a brief are specifically set forth in Rule 13, effective January 1, 1941. These rules are designed to enable this Court to transact business before it in an intelligent and expeditious manner. There is slight excuse for a lawyer's failure to comply with these rules. We have no desire to deliver a preachment on the subject, but serve notice that this Court in the

future may, in its discretion, refuse to consider assignments of error not substantially presented in the manner and form required by the rules.

■ Plaintiff was 85 years of age at the time he was arrested and confined in jail. He will soon be 90 years of age. There is ample evidence to support the verdict, and we think it is about time for him to obtain redress.

Judgment is affirmed.